UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JAMES LEE CASS                              CIVIL ACTION NO. 14-cv-0546

VERSUS                                      JUDGE FOOTE

TIM KEITH                                   MAGISTRATE JUDGE HORNSBY

### REPORT AND RECOMMENDATION

**Introduction**

A Caddo Parish jury convicted James L. Cass ("Petitioner") of possession with intent to distribute marijuana. He was adjudicated a second felony offender and given an enhanced sentence of 40 years. The conviction and sentence were affirmed on appeal. State v. Cass, 61 So.3d 840 (La. App. 2d Cir. 2011), writ denied, 75 So.3d 922 (La.). Petitioner then pursued a post-conviction application in the state courts. He now seeks federal habeas corpus relief based primarily on claims of ineffective assistance of counsel. For the reasons that follow, it is recommended that his petition be denied.

**Relevant Facts**

A group of Shreveport police officers and Caddo Sheriff deputies went to Petitioner's home in Vivian and executed a no-knock search warrant. Petitioner, his wife, and two small children were in the home. Agent Steve McKenna testified that Petitioner told him that there was a small amount of marijuana in the master bedroom. McKenna administered Miranda rights to Petitioner and his wife, then he went to the bedroom and found 42.2 grams of

marijuana in 34 packages inside a black fanny pack. The pack also contained about $22 in cash. Petitioner told McKenna that the cash was profit earned from selling the drugs.

Another agent found $1,000 in cash stuffed in a shoe in the back of a closet. The denominations were five one hundred dollar bills, 20 twenty dollar bills, and the remainder in smaller bills. McKenna testified that Petitioner admitted to him, post-Miranda, that he had been distributing the marijuana. Two other officers testified that they heard Petitioner make this admission. McKenna testified that the officers did not find any rolling papers, pipes, bongs, or other smoking devices to indicate usage, and the trailer did not smell of marijuana.

Petitioner testified in his defense. He admitted to a crime spree as a young man that involved rape, robbery, and other crimes, and he served about 30 years of 60 years of sentences before being released based on good time.[1] Petitioner's arrest in this case came about two years after he was released from prison. Petitioner testified that he had never used drugs in his life, but he had purchased the marijuana the day before the arrest for $60 after doing research on treatments for glaucoma. Petitioner testified that he had glaucoma and was receiving treatment, in the form of eye drops, at the VA. He admitted that no physician prescribed him marijuana, and he knew it was not a legal treatment in Louisiana at that time.

Petitioner denied that he sold any of the marijuana or that he told the officers he had done so. He claimed that the $1,000 was the proceeds of cashing a check that his wife earned

---

[1] It is reported in State v. Cass, 379 So.2d 734 (La. 1980) that Petitioner " forced a young couple, at gunpoint, to perform various sexual acts together, attempted to rape the girl himself and then took a tape player, a speaker and the boy's wallet and fled."

at her job. Petitioner testified that he told the officers who sold him the marijuana, but Agent McKenna testified on rebuttal that Petitioner did not give that information or say that he had glaucoma. The agents estimated the value of the seized marijuana at about $420.

**Ineffective Assistance of Counsel; Petitioner's Burden**

Most of Petitioner's claims are that his attorney rendered ineffective assistance. To prevail on such a claim, Petitioner must establish both that his counsel's performance fell below an objective standard of reasonableness and that, had counsel performed reasonably, there is a reasonable probability that the result in his case would have been different. Strickland v. Washington, 104 S.Ct. 2052, 2064 (1984).

Petitioner presented his Strickland claims in a post-conviction application. The state trial court noted that Petitioner had filed a prior application and summarily denied the claims on the grounds that the application "is repetitive as well as fails to raise new claims that were not addressed in his appeal." Tr. 804. The prior application, however, had simply sought an out-of-time appeal, which had been granted after some other confusion in the trial court. Petitioner next presented the Strickland claims to the state appellate court, which issued a two-sentence opinion that cited Strickland and stated: "On the showing made, the writ is hereby denied." Tr. 898. The Supreme Court of Louisiana denied writs without comment. Tr. 991.

The last reasoned opinion from the state court appears to have denied the Strickland claims on the merits rather than any procedural grounds. Accordingly, 28 U.S.C. § 2254(d) directs that the question is not whether a federal court believes the state court's determination

under the Strickland standard was incorrect but whether the determination was unreasonable, which is a substantially higher threshold. Schriro v. Landrigan, 127 S.Ct. 1933, 1939 ( 2007). The Strickland standard is a general standard, so a state court has even more latitude to reasonably determine that a defendant has not satisfied it.  The federal court's review is thus "doubly deferential."  Knowles v. Mirzayance,129 S.Ct. 1411, 1420 (2009).

Although it would be easier for the federal court to afford deference to a reasoned opinion, "Section 2254(d) applies even where there has been a summary denial." Cullen v. Pinholster, 131 S.Ct. 1388, 1402 (2011).  A petitioner who challenges a state court's summary denial may meet his burden under the first prong of Section 2254(d) only by showing that there was "no reasonable basis" for the state court's decision.  The federal habeas court must determine what arguments or theories could have supported the summary decision, and then it must ask whether it is possible fair-minded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court. Pinholster, 131 S.Ct. at 1402, citing Harrington v. Richter, 131 S.Ct. 770, 786 (2011).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Richter, quoting Yarborough v. Alvarado, 124 S.Ct. 2140 (2004).  "If this standard is difficult to meet, that is because it was meant to be." Harrington v. Richter, 131 S.Ct. 770, 786 (2011).  Section 2254(d) "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings" and reaches only "extreme

malfunctions" in the state criminal justice system. Id. Thus, "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id.

**Failure to Investigate**

Petitioner's application in state court and his memorandum in this court assert a claim that counsel was ineffective for failing to adequately investigate the case, but the submissions give no hint as to what counsel should have done better or what counsel might have discovered. A habeas petitioner who alleges a failure to investigate on the part of his counsel "must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." Gregory v. Thaler, 601 F.3d 347, 352 (5th Cir. 2010). Petitioner has failed to meet his burden on this issue.

Petitioner did argue for the first time in his federal reply (Doc. 27) that counsel should have realized that the Crime Lab analyst who identified the seized substance as marijuana admitted on cross-examination that he tested samples from only six of the 34 bags. Tr. 184-85. Counsel obviously did develop that evidence through his questioning, but it was of no significant relevance. The technician testified that his testing of six bags was in accordance with procedure, and the physical characteristics of the other bags indicated that they were the same substance. More important, Petitioner admitted on the stand and throughout these proceedings that he possessed marijuana. The new factual argument in the reply was not properly exhausted through the state court proceedings, and it fails to present a viable claim of ineffective assistance of counsel.

**No Objection to Remarks in Closing**

The prosecutor stated during his closing argument that Petitioner had told the officers he was selling the marijuana but had tried to convince them that he was just a "small time dealer." Tr. 261. The prosecutor later stated, after describing Petitioner's prison term, that he got out and went "right back to drug dealing," although there was no evidence that Petitioner had sold drugs in the past or had related convictions. Tr. 264. In rebuttal, the prosecutor argued that the officers who testified would not have risked their careers "to set one dope dealer up." Tr. 277.

Petitioner argues that counsel should have objected to the characterization of him as a drug dealer. Petitioner does not cite any Louisiana law that would have made such remarks squarely objectionable under the circumstances. There are arguably grounds for having objected, particularly to the unsupported implication that Petitioner had been a dealer before he went to prison, but some reasonable attorneys would not make an objection in that setting.

The Fifth Circuit has "recognized that deciding whether to object before a jury is a quintessential matter of trial strategy not to be second-guessed." Thomas v. Thaler, 520 Fed. Appx. 276, 281 (5th Cir. 2013). Many attorneys choose not to object to questionable argument because doing so might draw undue attention to the harmful comments. Id., citing Hernandez v. Thaler, 398 Fed. Appx. 81, 87 (5th Cir. 2010). That would have been a concern in this case. Considering the leeway that counsel is afforded in such matters, and the unlikelihood of prejudice from the stray remarks, the state court was not unreasonable to reject this claim.

**No Objection to Other Crimes Evidence and Prejudicial Remarks**

Petitioner's next claim is that counsel was ineffective for not objecting to the State's failure to lay a proper foundation for the admission of "other crimes" evidence. The other crimes evidence that Petitioner references are the remarks of the prosecutor during closing arguments, discussed above, that Petitioner was a dealer. Petitioner does not specify any particular testimony from an actual trial witness that described "other crimes" to which counsel should have objected. This claim is simply a repeat of the prior one and should be rejected for the same reasons.

**Not Seeking Disclosure of CI Information**

A confidential informant ("CI") made two controlled buys of marijuana from Petitioner, and that information was used to obtain the search warrant. The CI did not testify at trial, and there was no reference to him or her during the trial, nor was other evidence admitted regarding the controlled buys. Petitioner's conviction was not based on the sales to the CI. Rather, Petitioner was convicted of possession of marijuana with intent to distribute, and his intent was proved by facts such as quantity, packaging, and Petitioner's admission to the police.

Petitioner nonetheless complains that counsel was ineffective because he did not move for disclosure of the identity of the CI. A CI's identity is privileged absent exceptional circumstances. Had counsel filed a motion for disclosure, the Louisiana court would have used a balancing test to determine whether Petitioner's right to prepare his defense outweighed the public interest in protecting the flow of information between police and

informant. The accused has a "heavy burden" to specify concrete reasons why he needs to know the identity of the informant. State v. Davis, 411 So.2d 434, 436-37 (La. 1982); Roviaro v. U.S., 77 S.Ct. 623 (1957).

Petitioner argues that had the CI's identity been learned, the CI could have been cross-examined at trial. This ignores the fact that the CI did not testify at trial, and none of the facts related to the CI's actions were at issue. Petitioner has failed to specify any concrete reasons that would have compelled disclosure of the CI, and he has not explained how there is any reasonable likelihood that the verdict would have been different had counsel sought such a disclosure. The state court reasonably rejected this claim.

**Consequences of Rejecting Plea Offer**

"[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." Missouri v. Frye, 132 S.Ct. 1399, 1408 (2012). "If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it." Lafler v. Cooper, 132 S.Ct. 1376, 1387 (2012). "If that right is denied, prejudice can be shown if loss of the plea opportunity led to a trial resulting in a conviction on more serious charges or the imposition of a more severe sentence." Id.

Petitioner argued in his post-conviction application that counsel "failed to advise him of the consequences of being tried as a multiple offender if he refused the plea offer of Five years." Tr. 776. Petitioner argues that he should have been made aware that if he did not

accept the alleged plea offer of five years the State could pursue a multiple offender enhancement to make his potential sentence even longer. Tr. 777.

This argument presumes that there was such a plea offer, but Petitioner offers no specific facts to back that assertion, and there were no exhibits to his application, such as letters or affidavits, to support the claim. The State's response challenged the application for failure to include an affidavit from prior counsel or other evidence of plea discussions. Tr. 796. The State attached affidavits from both former counsel who represented Petitioner in the trial court proceedings. Each testified that he "communicated any and all plea offers by the state and prepared a defense." Tr. 802-03. The affidavits do not say one way or the other whether any plea offers were made. Accordingly, the state court record does not contain any evidence of an alleged plea offer that (1) Petitioner could plead guilty in exchange for a five-year sentence and (2) the State would waive its right to seek a multiple offender enhancement. Absent such an offer, counsel would not have been obligated to explain the risks of declining it.

Review of a Strickland claim under Section 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, 131 S.Ct. 1388, 1398 (2011). It is reversible error for a federal district court to hold a federal hearing to flesh out such a claim. Pape v. Thaler, 645 F.3d 281, 288 (5th Cir. 2011). Petitioner has not pointed to any facts in the state court record on which this claim could be based, so the state court's rejection of the claim was reasonable.

**No Objection to Denial of Continuance**

Petitioner represents that counsel requested a continuance on the grounds that counsel was not ready for trial and had no clue what his defense would be. Petitioner adds that this prompted him to request a continuance to allow an opportunity to secure an attorney who was willing to assist him. Petitioner states that counsel, on learning that Petitioner's crimes had been committed on a former officer of the Caddo court, did not wish to represent Petitioner.

The trial judge denied the request for a continuance. Petitioner argues that counsel was ineffective for not making the necessary objections that would allow a challenge to the ruling. He states that with a continuance he "could have prepared a defense and the additional evidence would have been presented" which would supported his version of the case.

The minutes show that attorney Alex Rubenstein moved for and was granted a continuance in January 2008. The trial was then set for April 14, 2008. Mr. Rubenstein made an oral motion for continuance on that date. The minutes reflect that it was argued, submitted, and denied. Tr. 1. It does not appear that there is a transcript of that proceeding, nor is there any other evidence to support the representations made by Petitioner about the substance of the request for continuance. Mr. Rubenstein did not express any concern about going to trial after the jury had been selected. He announced that the defense was ready to proceed. Tr. 105.

Once again, there is a lack of evidence in the state court record to support the assertions made by Petitioner. Furthermore, Petitioner offers nothing but speculation that a

continuance would have allowed him to mount a potentially successful defense. The State's case against him was strong, and it is difficult to imagine how allowing the defense additional time might reasonably have changed the verdict. The state court reasonably denied this claim, so habeas relief is not permitted.

**No Objection to Multiple Offender Sentence**

Louisiana law allows the State, upon obtaining a conviction, to file a multiple offender bill that can increase the potential sentence for that conviction. The State originally filed a bill charging Petitioner as a third felony habitual offender. Defense counsel filed a motion to quash the bill on the grounds that the timing of the prior convictions meant that Petitioner was only potentially a second felony offender. The trial court eventually agreed with the defense, and that position was upheld on appeal. State v. Cass, 17 So.3d 486 (La. App. 2d Cir. 2009). Petitioner was sentenced as a second felony offender.

Petitioner argues that when the trial court quashed the multiple offender bill, the bill no longer existed, so the trial court was without jurisdiction to sentence him as any form of multiple offender. He argues that defense counsel rendered ineffective assistance when he failed to mount such an objection. Petitioner does not, however, cite any Louisiana authority for the proposition that the court lacked jurisdiction under those circumstances. Furthermore, there is no possible showing of prejudice because the prosecutor could have, with the stroke of a pen, filed an amended bill if such a technical objection were granted. See Pickney v. Cain, 337 F.3d 542 (5th Cir. 2003) (prejudice could not be shown because the indictment, if quashed on the grounds raised, could have easily been reinstated).

**Final Claims**

Petitioner, citing the Louisiana Code of Criminal Procedure articles on post-conviction review, argues that he is entitled to an evidentiary hearing. If he is arguing that the State should have afforded him a hearing, the claim fails because "infirmities in State habeas proceedings do not constitute grounds for relief in federal court." Rudd v. Johnson, 256 F.3d 317, 319 (5th Cir. 2001). If he is arguing that this court is obligated to hold a hearing, the claim fails because his claims were adjudicated on the merits in the state court, which limits this court's review to the record that was before the state court. Pinholster, 131 S.Ct. at 1398.

Petitioner asserts a broad claim that his continued incarceration would be a violation of due process because his attorney rendered ineffective assistance of counsel throughout his case. This omnibus argument is merely a repeat of the several claims addressed and rejected above.

Petitioner also asserts that he is entitled to relief based on cumulative error. Once again, he cites all of his prior claims that counsel was ineffective. Cumulative error on federal habeas review is a narrow and rare form of due process violation. Derden v. McNeel, 978 F.2d 1453, 1461 (5th Cir.1992) (en banc). The petitioner must show, among other things, that individual errors of constitutional dimension (rather than mere violations of state law) so infected the entire trial that the resulting conviction violates due process. Allen v. Vannoy, __ Fed. Appx. __, 2016 WL 4254375, *20 (5th Cir. 2016). Petitioner's mere repetition of his prior claims, each of which has been rejected on the merits, does not make out a rare case for relief.

Accordingly,

**IT IS RECOMMENDED** that Petitioner's petition for habeas corpus relief be denied.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the

denial of a constitutional right. Section 2253(c)(2). A party may, within fourteen (14) days from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

    THUS DONE AND SIGNED in Shreveport, Louisiana, this 30th day of January, 2017.

Mark L. Hornsby
U.S. Magistrate Judge